The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Richard L. Stern, Trustee
38 New Street
Huntington, New York 11743
Fred S. Kantrow
Avrum J. Rosen

UNITED STATES BANKRUPTCY COURT      RETURN DATE: **12/17/09**
EASTERN DISTRICT OF NEW YORK      TIME: **10:00 a.m.**

------------------------------------------------------------x

In re:

           Chapter 7
     JACK NAGHASH,            Case No.: 06-72738-dte

           Debtor.

------------------------------------------------------------x

### TRUSTEE'S APPLICATION FOR THE ENTRY OF AN ORDER
### EXPUNGING PROOFS OF CLAIM NOS. 7, 8, 9, 10 and 11
### AS LATE FILED CLAIMS

       Richard L. Stern, Esq., as chapter 7 trustee (the "Trustee") of the estate of Jack Naghash, (the "Debtor"), by and through his counsel, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this application (the "Application") seeking the entry of an Order, pursuant to section 502(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") expunging proofs of claim nos. 7, 8, 9, 10, 11 as late filed claims, and states as follows:

### BACKGROUND INFORMATION

1.     The Debtor filed a voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on October 31, 2006.

2.     Richard L. Stern, Esq., was appointed the chapter 7 trustee.

3.     The Trustee asked the Court to set a claims bar date in the case (the "Bar Date") which was set by Notice of Discovery Assets dated December 12, 2009. The Bar Date was set for March 14, 2007. A copy of the Notice is annexed hereto as Exhibit "A".

**Proof of Claim No. 7**

4. On July 30, 2007, approximately four (4) months after the Bar Date, Charu Gems, Inc., filed proof of claim no. 7 in the amount of $214,256.00. A copy of the proof of claim is annexed hereto as Exhibit "B".

5. As this claim was not timely filed, the Trustee objects to its allowance and asks that the Court expunge the claim in its entirety.

**Proof of Claim No. 8**

6. On August 23, 2007, approximately five (5) months after the Bar Date, Celebrity Diamond Resources, filed proof of claim no. 8 in the amount of $470,058.00. A copy of the proof of claim is annexed hereto as Exhibit "C".

7. As this claim was not timely filed, the Trustee objects to its allowance and asks that the Court expunge the claim in its entirety.

**Proof of Claim No. 9**

8. On October 15, 2007, approximately seven (7) months after the Bar Date, New York State Department of Taxation and Finance, filed proof of claim no. 9 in the amount of $30.23. A copy of the proof of claim is annexed hereto as Exhibit "D".

9. As this claim was not timely filed, the Trustee objects to its allowance and asks that the Court expunge this claim in its entirety.

**Proof of Claim No. 10**

10. On December 7, 2007, approximately nine (9) months after the Bar Date, DC Group, Inc., filed proof of claim no. 10 in the amount of $5,147.64. A copy of the proof of claim is annexed hereto as Exhibit "E".

11. As this claim was not timely filed, the Trustee objects to its allowance and asks that the Court expunge this claim in its entirety.

**Proof of Claim No. 11**

12. On May 2, 2008, approximately fourteen (14) months after the Bar Date, M&T Credit Services, LLC, filed proof of claim no. 11 in the amount of $163,868.04. A copy of the proof of claim is annexed hereto as Exhibit "F".

13. As this claims was not timely filed, the Trustee objects to its allowance and asks that the Court expunge this claim in its entirety.

**Relief Requested**

14. The Bankruptcy Code provides in section 502(a) that, "A] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title objects". Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") which governs an objection to a proof of claim, requires thirty (30) days notice. The Trustee accordingly objects to theses proofs of claim.

**WHEREFORE,** the Trustee seeks the entry of an Order, substantially in the form of the proposed Order annexed hereto, expunging claim nos. 7, 8, 9, 10, 11 as late filed and untimely claims, together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
November 13, 2009

                                              The Law Offices of Avrum J. Rosen, PLLC
                                              Counsel to the Trustee

|  |  |
|---|---|
| BY: | S/Fred S. Kantrow |
|  | Fred S. Kantrow |
|  | 38 New Street |
|  | Huntington, New York 11743 |
|  | 631 423 8527 |
|  | Fkantrow@avrumrosenlaw.com |